WILLIAM R. TAMAYO, SBN 084965 (CA)
JONATHAN T. PECK SBN 12303 (VA)
LINDA S. ORDONIO-DIXON, SBN 172830 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5651
Fax No. (415) 625-5657
Email: Linda.Ordonio-Dixon@eeoc.gov

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE DOCTORS COMPANY.<br><br>Defendant. | CIVIL ACTION NO. CV-10-4411-JSW<br><br>[PROPOSED] CONSENT DECREE AS MODIFIED HEREIN AND INSTRUCTIONS TO CLERK |

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Charging Parties Kimber Thompson and Carrie Laviolette, who allege they were affected by such practices.

In the interest of resolving this matter, the EEOC and The Doctors Company ("TDC" or "Defendant,"), hereinafter referred to as "the Parties," have agreed that the above captioned lawsuit

[PROPOSED] CONSENT DECREE
CV-10-04411-JSW

(the "Lawsuit") should be finally resolved by entry of this Consent Decree.

This Consent Decree shall not constitute adjudication and/or a finding on the merits of the Lawsuit. This Consent Decree resolves all claims raised by the EEOC which stem from EEOC Charge No. 550-2008-02270 (Kimber Thompson v. The Doctors Company), EEOC Charge No. 550-2008-002261 (Carrie Giltner (Laviolette) v. The Doctors Company), and the EEOC Complaint (Complaint filed September 20, 2010, Dkt#1, superseded by First Amended Complaint filed July 18, 2011, Dkt #28) in this Lawsuit, and constitutes a complete resolution of all claims of discrimination under Title VII that were made or could have been made by the EEOC based on these charges. This Consent Decree does not, however, resolve any future charge(s) that may be pending with the EEOC other than the charges and Complaint specifically referenced in this paragraph.

This Consent Decree comprises the full and exclusive agreement of the EEOC and TDC with respect to the matters discussed herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and now approves this Consent Decree.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

**I. GENERAL PROVISIONS**

This Court has jurisdiction over the subject matter and the Parties to this Lawsuit. This Court will retain jurisdiction over this Decree for all purposes until the expiration of Defendant's obligations as set forth herein.

This Consent Decree is final and binding upon the Parties, their agents, successors and assigns. The Parties will each bear their own costs and attorney fees in this action.

## II. NON-ADMISSION OF LIABILITY

This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation of Title VII by TDC.

## III. NON-RETALIATION

Defendant, their officers, agents, managers (including supervisory employees), successors and assigns will not retaliate against Kimber Thompson and/or Carrie Laviolette in violation of Section 704 of Title VII, 42 USC § 2000e-3 because they (a) opposed harassment or other discriminatory acts on the basis of sex made unlawful under Title VII; (b) filed Charges of Discrimination alleging such practices; (c) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendant), proceeding or hearing in connection with this Lawsuit; or (d) asserted any rights under this Consent Decree.

## IV. SPECIFIC INJUNCTIVE RELIEF

**1. Training:** Defendant will provide training to the managers and human resources personnel who had involvement in the claims and issues raised in the EEOC's Complaint. Such training will insure that the managers and human resources personnel are fully cognizant of the prohibitions against sexual harassment and retaliation under Title VII, and can appropriately respond to, and investigate, complaints by employees.

**2. Manager/Supervisor Accountability:** Defendant shall reaffirm in writing to all supervisory personnel, its policies which impose appropriate discipline upon any supervisor or manager who (a) engages in sexual harassment or retaliation; (b) knowingly permits any such conduct to occur in his or her work area or among employees under his or her supervision; and/or (c) retaliates against any person who complains or participates in any investigation or proceeding concerning such conduct. Defendant will further reaffirm to managers and supervisors that failure to adhere to Defendant's non-discriminatory policies will result in a negative performance review.

**3.** **Reports to the Commission:** For the duration of the Consent Decree, Defendant will provide annual reports to the EEOC regarding all complaints of sexual harassment against Defendant. The first report shall be due no later than the one year anniversary of the entry of this Consent Decree. The second report shall be due no later than the two year anniversary of the entry of this Consent Decree. The reports shall contain a brief description of all sexual harassment and/or retaliation complaints made against Defendant since the submission of the immediately preceding report required by this Consent Decree or the entry date of the Consent Decree, whichever is most recent. The description shall include the name(s) of the individual(s) alleging sex harassment, the nature of the sex harassment alleged, the name(s) of the alleged harassers, the dates of the alleged acts of sex harassment, a brief summary of Defendant's investigation, the identify of the person(s) who investigated and resolved each complaint, and a statement describing the result/resolution. If a complaint has not been resolved as of the time of the report, the result shall be included in the next report. The subject reports shall be sent to EEOC Counsel at the San Francisco District Office of the EEOC, 350 The Embarcadero, Suite 500, San Francisco, CA 94105.

**4.** **Conversion of Terminations**: Defendant will convert the terminations of Ms. Thompson and Ms. Laviolette into resignations upon their submission of letters of resignation. These resignations shall be retroactive to the dates of their respective terminations. In the event that Defendant is requested to provide a reference for the women, Defendant shall report that they resigned and provide a neutral reference. The Charging Parties shall list the following as their reference contact for employment at TDC: Barbara Booher, V.P. Human Resources, P.O. Box 290, Napa, CA 94558, (800) 421-2386, ext 1150.

**5.** **Posting**: For the duration of this Consent Decree, Defendant shall post, in a prominent place frequented by its employees at its Napa, California, location, the notice attached as Exhibit A. The notice shall be the same type, style and size as Exhibit A.

[PROPOSED] CONSENT DECREE        4.
CV-10-04411-JSW

## V. MONETARY RELIEF

Defendant will pay Charging Party Kimber Thompson a total sum of One Hundred Fifty Thousand Dollars and No Cents ($150,000.00) and Charging Party Carrie Laviolette a total sum of Eighty Thousand Dollars and No Cents ($80,000.00), for which Defendant will receive a release of all claims that arose or could have arisen out of the Charging Parties' EEOC Charges of Discrimination. The settlement sum will be allocated as follows for Ms. Thompson: Seventy Thousand Dollars and No Cents ($70,000.00) as wages subject to taxes and withholding, as to which an IRS W-2 will issue, and Eighty Thousand Dollars and No Cents ($80,000.00) as emotional distress, as to which an IRS Form 1099 will issue. The settlement sum will be allocated as follows for Ms. Laviolette: Forty Thousand Dollars and No Cents ($40,000.00) as wages subject to taxes and withholding, as to which an IRS W-2 will issue, and Forty Thousand Dollars and No Cents ($40,000.00) as emotional distress, as to which an IRS Form 1099 will issue.

Within ten (10) days following the entry of this Consent Decree, Defendant shall deliver such payment as set out above in the form of a business check, cashier's check, or certified check made payable to each Charging Party as set out above. The payment shall be sent via Federal Express or other certified means of delivery to EEOC Counsel at the San Francisco offices of the EEOC, 350 The Embarcadero, Suite 500, San Francisco, CA, 94105.

## VI. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

a. This Consent Decree shall terminate two (2) years from the date of entry by the Court, unless the Commission petitions this Court for an extension of the Decree because of non-compliance by Defendant. If the Commission determines that Defendant has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach and will not petition the Court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the Parties for good faith efforts to

[PROPOSED] CONSENT DECREE  5.
CV-10-04411-JSW

resolve the issue. If the Commission petitions the Court and the Court finds Defendant to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree.

  b. Except as provided in the preceding paragraph, two (2) years after the entry of this Consent Decree, this lawsuit will be dismissed with prejudice, provided that Defendant has complied substantially with the terms of this Consent Decree. Defendant will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that Defendant has failed to comply with any of the terms of this Decree. This Consent Decree will automatically expire without further Court Order.

Dated: September 20, 2011     //s// William R. Tamayo
                   WILLIAM R. TAMAYO

                   //s// Jonathan T. Peck
                   JONATHAN T. PECK

                   //s// Linda Ordonio-Dixon
                   LINDA ORDONIO-DIXON

                   U. S. EQUAL EMPLOYMENT
                   OPPORTUNITY COMMISSION
                   San Francisco District Office
                   350 The Embarcadero, Suite 500
                   San Francisco, California 94105-1260

                   //s// Lindbergh Porter
                   LINDBERGH PORTER

                   LITTLER MENDELSON
                   A Professional Corporation
                   650 California Street, 20th Floor
                   San Francisco, CA 94108-2693

**Signature Attestation**

Pursuant to the Court's General Order 45, Section X.B. regarding Electronic Case Filing, I hereby attest that William Tamayo, Jonathan Peck and Lindbergh Porter have authorized their electronic signatures which appear above.

Dated: September 20, 2011     /s/Linda S. Ordonio Dixon
                   LINDA S. ORDONIO DIXON
                   Atty for Plaintiff EEOC

IT IS SO ORDERED:  It is FURTHER ORDERED that all contemplated proceedings having been concluded, the Clerk shall administrative close this file, pending submission of a formal dismissal.

Dated: September 26, 2011

_____
United States District Court Judge

[PROPOSED] CONSENT DECREE                    7.
CV-10-04411-JSW

**NOTICE of SETTLEMENT**

This Notice is being posted as part of the remedy agreed between the Equal Employment Opportunity Commission and The Doctors Company in settlement of a lawsuit alleging sexual harassment and retaliation.  *EEOC v. The Doctors Company*, United States District Court Case No. 10-4411 JSW (Northern District of California).  This Notice does not constitute adjudication and/or a finding on the merits of the lawsuit.

Federal law prohibits an employer from engaging in discrimination, which includes sexual harassment and/or retaliation for raising a complaint of discrimination.  The Doctors Company supports and will comply with such federal law in all respects and will refrain from taking any adverse action against employees for exercising their rights under the law by complaining about sexual harassment or retaliation, or by filing charges with the Equal Employment Opportunity Commission and/or by testifying, assisting or participating in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964, as amended.

Should you have any complaints of discrimination, including sexual harassment and/or retaliation, you should contact Barbara Booher, V.P. Human Resources at (800) 41-2368, ext. 1150.

Employees also have the right to bring complaints of discrimination to the U.S. Equal Employment Opportunity Commission, San Francisco District Office, 350 The Embarcadero, Suite 500, San Francisco, CA  94105, (415) 625-5600/(800) 669-4000.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED OR REMOVED BY ANYONE**

This notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material.

Dated: _____          _____

[PROPOSED] CONSENT DECREE          8.
CV-10-04411-JSW